COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Huff and Senior Judge Haley

JOSE LUIS FUENTES RAMOS

v.      Record No. 0659-13-3

PULASKI COUNTY DEPARTMENT
 OF SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 17, 2013

FROM THE CIRCUIT COURT OF PULASKI COUNTY
Marcus H. Long, Jr., Judge

(Roy David Warburton; Warburton Law Offices, on brief), for
appellant.

(Clifford L. Harrison; Suzanne Bowen, Guardian *ad litem* for the
infant child; Harrison & Turk, P.C., on brief), for appellee.


Jose Luis Fuentes Ramos (hereinafter "father") appeals the termination of his residual

parental rights to his daughter C.R. Father asserts the trial court erred in concluding that the

requirements of Code § 16.1-283[1] had been met because his "language barriers prevented

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial court terminated father's residual parental rights pursuant to Code
§ 16.1-283(B) and (C). Attachment "A" to the order notes that the termination decision was
based, in part, on the following:

1. The ICPC home study of the father has been denied due to his
   failure to contact the North Carolina Department of Health and
   Human Services.

2. The father has only seen the child twice since the child entered
   Foster Care.

3. The father has failed to maintain regular contact with the
   Department of Social Services.

4. The father failed to submit to criminal and child protective
   services background checks.

meaningful understanding, meaningful contact with [the Pulaski Department of Social Services ("PDSS")], and meaningful due process."

We view the evidence[2] in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991). Father, whose native language is Spanish, maintains the trial court was unable to find, by clear and convincing evidence, that he was "unable or unwilling" to remedy the factors prompting his daughter's removal because PDSS communicated with him in English only. Accordingly, father implies his failure to satisfy the conditions established by PDSS could have resulted from his inability to communicate with PDSS without the services of an interpreter.

Father testified at trial, but did not indicate he was unable to understand either spoken or written English. When interviewed by PDSS, no interpreter was present nor did father ask for one. Social worker Megan Gordon met with father on three occasions and also spoke with him on the telephone. She stated that father never told her he needed an interpreter or requested one. While she acknowledged "there were some difficulties with communication," she also noted he was "responsive" and "able to converse" with her. Gordon testified she was able to "understand" father.

When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 265-66, 616 S.E.2d 765, 769 (2005) (quoting Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "The trial court's judgment, 'when

_____

[2] The facts are drawn from the statement of facts filed with this Court in lieu of a transcript pursuant to Rule 5A:8.

- 2 -

based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463).

Father's appeal is premised on the assumption, that, as result of his "language barrier," he did not understand the termination process. Whether or not father understood the English language was a factual determination made by the trial court, and the evidence supported its finding that father comprehended English. Accordingly, we cannot say the trial court's decision to terminate father's residual parental rights was "plainly wrong" on the basis that father was not provided with an interpreter's services during his interactions with PDSS.[3]

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.

---

[3] Furthermore, father cites no legal authority supporting his claim he was entitled to an interpreter.